PENACHIO MALARA, LLP                          **HEARING DATE & TIME:**
Counsel for the Debtor                        **DECEMBER 7, 2023 AT 10:00 AM**
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                    :        CHAPTER 11
                                         :        (Subchapter V)
   THE CRYSTAL SPOON CORP.,          :
                                         :        CASE NO.: 22-22277-SHL
                Reorganized Debtor.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**NOTICE OF HEARING ON THE DEBTOR'S APPLICATION FOR AN ORDER (I) REDUCING CLAIM NUMBERED 2 OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

     **PLEASE TAKE NOTICE** that a hearing on the application of **THE CRYSTAL SPOON CORP.**, the above-captioned debtor (the "Debtor"), for an order (i) reducing claim numbered 2 of **NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE** ("NYS") from $145,830.78 to $24,677.57; and (ii) for such other and further relief as this court deems appropriate will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in his Courtroom at the Bankruptcy Court for the Southern District of New York, The Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 at 10:00 AM on December 7, 2023.

     **PLEASE TAKE FURTHER NOTICE** that the hearing may be conducted remotely via ZOOM for government and interested parties should refer to the Bankruptcy Court's website – www.nysb.uscourts.gov and/or contact the undersigned by e-mail as noted below for information.

     **PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the application must comply with applicable law and be served upon the undersigned with a copy to the Bankruptcy Judge's Chambers at least seven (7) days prior to the return date.  Unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
        October 27, 2023

                                            **RESPECTFULLY SUBMITTED,**

                                            PENACHIO MALARA LLP
                                            By: /s/ Anne Penachio

                                            _____
                                            Anne Penachio, Esq.
                                            Counsel for Debtor
                                            245 Main Street, Suite 450
                                            White Plains, NY 10601
                                            Telephone:  (914) 946-2889
                                            Anne@pmlawllp.com

PENACHIO MALARA, LLP
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re                              :         CHAPTER 11
                                    :         (Subchapter V)

THE CRYSTAL SPOON CORP.,       :

                                    :         CASE NO.: 22-22277-SHL

                    Reorganized Debtor.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**THE DEBTOR'S APPLICATION FOR AN ORDER (I) REDUCING CLAIM NUMBERED 2 OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

**TO:   THE HONORABLE SEAN H. LANE**
      **UNITED STATES BANKRUPTCY JUDGE**

     **THE CRYSTAL SPOON CORP.**, the debtor herein (the "Debtor"), by and through its counsel, **PENACHIO MALARA, LLP**, in support of its application for an order (i) reducing claim numbered 2 of the New York State Department of Taxation and Finance ("NYS") as reflected herein and (ii) granting such other and further relief as this Court deems appropriate, respectfully set forth as follows:

## I.    <u>BACKGROUND</u>

     1.      On May 18, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor elected to be treated as a Small Business under Sub-Chapter V. Salvatore LaMonica was duly appointed to serve as the Sub Chapter V Trustee (the "Trustee").

     2.      The Debtor is a New York Corporation with its principal place of business

at 175 Clearbrook Road, Elmsford, NY 10523 which it occupies pursuant to a written lease.  The Debtor has approximately 44 non-insider employees, the vast majority of which are "full-time."

3.      The Debtor is in the business primarily of co-packing and distributing prepared meals. The Debtor's business includes: (i) traditional business of delivery of prepared meals; (ii) on-site catering and barbequing; (iii) preparation of gourmet upscale meals; and (iv) food production of human grade pet food.

4.      The Debtor's current financial predicament was the result of losses suffered from the COVID-19 pandemic and loss of various customers.  In addition, the Debtor's difficulties in collecting its receivables caused a severe strain on its finances.   The Debtor filed for Chapter 11 relief after New York State commenced collection efforts on a disputed obligation.   The Debtor believed that Chapter 11 would provide a mechanism for paying all creditors in an orderly fashion rather than a proverbial "race to the courthouse".

5.      Since the filing of the bankruptcy petition, the Debtor continued in the management and supervision of its assets, initially, as a debtor-in-possession.  Since confirmation of the Debtor's Chapter 11 plan, it has continued as a reorganized debtor.

6.      The Debtor's current Chapter 11 case was preceded by a prior Chapter 11 case bearing case number 16-22238 (the "Prior Case").  The Prior Case was filed on February 25, 2016.  A Chapter 11 Small Business Plan was confirmed on December 7, 2018.  The Debtor made payments to the NYS under the confirmed Chapter 11 Plan in the Prior Case. However, the Debtor was not able to fully consummate the plan due in part to disruptions in its business caused by COVID.  The Prior Case was dismissed. It was closed on or about March 9, 2022.

7.      Following the availability of Sub Chapter V, the Debtor filed the instant case.

8. NYS filed claim numbered 2, a copy of which is annexed hereto as <u>Exhibit</u> <u>A</u>. In the claim, NYS alleges that it is due $145,830.78 of which $102,867.19 is classified as a secured claim, $24,717.46 as a priority claim and $18,246.13 as a general unsecured claim.

9. A large portion of NYS's claim is for penalties and interest where is there is no base tax due. Moreover, a significant portion of the claim is characterized as "estimated." However, the estimated amount is incorrect as returns were filed and taxes were paid.

10. Moreover, although the Debtor paid NYS the taxes due under the Plan in the Prior Case, NYS continued to assess interest and penalties. Even a cursory review of NYS's claim (<u>Exhibit</u> <u>A</u>) raises concerns that penalties are included and accrue where there is no base tax due.

11. As discussed below, it is submitted that the claim should be reduced by the following amounts:

A. Secured: by $78,189.64 consisting of $19,997.32 in penalties and $34,711.51 in interest where there is no base tax due

B. Priority: by $24,717.44 consisting of interest and penalties where the base tax has been satisfied or was incorrectly estimated

C. Unsecured: by $18,246.13 consisting of penalties where the base tax has been satisfied.

12. In summary, the NYS Claim should be reduced by $121,153.21 to $24,677.57.

## II. THE APPLICATION

13. By this application, the Debtor seeks the entry by this Court of an order (i) reducing claim numbered 2 of NYS by $121,153.21 to $24,677.57; and (ii) granting such other and further relief as this court deems appropriate.

## III. JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

14. This Court has jurisdiction over the application pursuant to 28 U.S.C. 157

and 1334 and the "Standing Order of Referral Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this district is proper pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are Sections 105 and 503 and 507 of the Bankruptcy Code.

## IV. <u>DISCUSSION</u>

15. It is settled that a debtor in possession is not liable for pre-petition tax penalties during reorganization, whether such penalties are secured or unsecured. E. g., *Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962) (secured federal tax claims). The policy against the assessment of penalties referred to in *Simonson v. Granquist*, have been summarized as follows:

[It is] the task of bankruptcy law to mitigate as far as possible the losses to be sustained by creditors, and under this aspect there is an undeniable equity in the postulate that participation in the estate should be denied to a creditor who has neither in some degree contributed to distributable funds ( e. g., by the governmental protection on which taxation is supposed to be based), nor has suffered a pecuniary loss by parting with something in money's worth.

3 Collier on Bankruptcy ¶ 57.22[1] at 348 (14th ed. 1974).

16. It was for this reason that the Court, in *Simonson*, held that section 57j barred the allowance of all penalty claims of any kind, whether secured or unsecured, except those based on a pecuniary loss. 369 U.S. at 40, 82 S.Ct. 537.

*In re Ross Nursing Ho*me, 2 B.R. 496, 498 (Bankr. E.D.N.Y. 1980)

17. As a general rule, creditors are not entitled to postpetition interest in bankruptcy because the filing of a bankruptcy petition usually stops interest costs from running. *Pereira v. Prompt Mortg. Providers of N. Am., LLC (In re Heavey)*, 608 B.R. 341 (Bankr. E.D.N.Y. 2019);

4

11 U.S.C. § 502(b)(2).  As such, the accrual of interest during the Prior Case was inappropriate and should be disallowed.

18.     It has further been held that post-petition interest, if not a disguised penalty, "always has been allowed to the date of payment when the value of the collateral is sufficient (citations omitted)." *In re Ross Nursing Home, 2 B.R. at 499.*

19.     Here, penalties are clearly improper for various reasons including (i) the general exclusion of penalties; (ii) the base tax was paid; and (iii) penalties should not have accrued during the Prior Case.

20.     It is submitted that the claim should be reduced by the following amounts:

A.     Secured:  by $78,189.64 consisting of $19,997.32 in penalties and $34,711.51 in interest where there is no base tax due

B.     Priority: by $24,717.44 consisting of interest and penalties where the base tax has been satisfied or was incorrectly estimated

C.     Unsecured: by $18,246.13 consisting of penalties where the base tax has been satisfied.

21.     In summary, the NYS Claim should be reduced by $121,153.21 to $24,677.57.

**V.      NOTICE AND WAIVER OF MEMORANDUM OF LAW**

22.     Notice of this application will be served on the U.S. Trustee, SubChapter V Trustee, NYS and all parties that have filed a "Notice of Appearance."

23.     No previous application for the relief sought herein was sought from this, or any other Court.

24.     Because the facts and circumstances set forth herein do not present novel issues of fact or law, it is respectfully requested that the Court waive the requirement of filing a memorandum of law imposed by the Local Bankruptcy Rules.

**WHEREFORE,** it is respectfully requested that the Court grant the relief requested herein and grant such other and further relief as it deems appropriate.

Dated: White Plains, NY
October 27, 2023

PENACHIO MALARA, LLP
/s/ Anne Penachio
By: _____
Anne Penachio, Esq.
Counsel for Debtor
245 Main Street, Suite 450
White Plains, NY 10601
Telephone: (914) 946-2889