PENACHIO MALARA, LLP
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

**HEARING DATE & TIME:**
**JANUARY 16, 2024 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re                         :

                            :

    THE CRYSTAL SPOON CORP.,      :

                            :

                Reorganized Debtor.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CHAPTER 11
(Subchapter V)

CASE NO.: 22-22277-SHL

**NOTICE OF HEARING ON THE DEBTOR'S APPLICATION FOR AN ORDER (I) EXPUNGING CLAIM NUMBERED 3 OF NEW YORK STATE DEPARTMENT OF LABOR; AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

**PLEASE TAKE NOTICE** that a hearing on the application of **THE CRYSTAL SPOON CORP.**, the above-captioned debtor (the "Debtor"), for an order (i) expunging claim numbered 3 of **NEW YORK STATE DEPARTMENT OF LABOR**; and (ii) for such other and further relief as this court deems appropriate will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in his Courtroom at the Bankruptcy Court for the Southern District of New York, The Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 at 10:00 AM on January 16, 2024.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be conducted remotely via ZOOM for government and interested parties should refer to the Bankruptcy Court's website – www.nysb.uscourts.gov and/or contact the undersigned by e-mail as noted below for information.

**PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in

the application must comply with applicable law and be served upon the undersigned with a

copy to the Bankruptcy Judge's Chambers at least seven (7) days prior to the return date.

Unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
      December 20, 2023

                                      **RESPECTFULLY SUBMITTED,**

                                      PENACHIO MALARA LLP
                                      By: /s/ Anne Penachio

                                      _____

                                      Anne Penachio, Esq.
                                      Counsel for Debtor
                                      245 Main Street, Suite 450
                                      White Plains, NY 10601
                                      Telephone: (914) 946-2889
                                      Anne@pmlawllp.com

PENACHIO MALARA LLP  HEARING DATE & TIME:
Counsel for the Debtor  JANUARY 16, 2024 at 10:00 AM
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                              :          CHAPTER 11
                                                   :          (Subchapter V)
    THE CRYSTAL SPOON CORP.,                       :
                                                   :          CASE NO.: 22-22277-SHL
                            Reorganized Debtor.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**APPLICATION OF THE DEBTOR TO (I) EXPUNGE CLAIM NUMBERED 3 OF NEW YORK STATE DEPARTMENT OF LABOR AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE PROPER**

**TO THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

The application of **THE CRYSTAL SPOON CORP.**, the debtor herein (the "Debtor'), respectfully in support of the entry of an order (i) expunging claim numbered 3 of New York State Department of Labor ("NYSDOL"); and (ii) granting such other and further relief as may be proper, represents as follows:

## BACKGROUND

1.     On May 18, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor elected to be treated as a Small Business under Sub-Chapter V. Salvatore LaMonica was duly appointed to serve as the Sub Chapter V Trustee (the "Trustee").

2.     The Debtor is a New York Corporation with its principal place of business

at 175 Clearbrook Road, Elmsford, NY 10523 which it occupies pursuant to a written lease. The Debtor has approximately 44 non-insider employees, the vast majority of which are "full-time."

3. The Debtor is in the business primarily of co-packing and distributing prepared meals. The Debtor's business includes: (i) traditional business of delivery of prepared meals; (ii) on-site catering and barbequing; (iii) preparation of gourmet upscale meals; and (iv) food production of human grade pet food.

4. The Debtor's current financial predicament was the result of losses suffered from the COVID-19 pandemic and loss of various customers. In addition, the Debtor's difficulties in collecting its receivables caused a severe strain on its finances. The Debtor filed for Chapter 11 relief after New York State commenced collection efforts on a disputed obligation. The Debtor believed that Chapter 11 would provide a mechanism for paying all creditors in an orderly fashion rather than a proverbial "race to the courthouse".

5. Since the filing of the bankruptcy petition, the Debtor continued in the management and supervision of its assets, initially, as a debtor-in-possession. Since confirmation of the Debtor's Chapter 11 plan, it has continued as a reorganized debtor.

6. The NYSDOL filed claim numbered 3, a copy of which is annexed hereto as Exhibit A. In the claim, NYSDOL alleges that it is due $43,486.89 of which $3,136.95 is classified as a priority claim and $40,349.94 as a general unsecured claim. The amounts almost exclusively consist of alleged interest and penalties emanating from as far back as 2014. Moreover, the underlying claims were largely paid in the Debtor's prior bankruptcy. Indeed, upon information and belief, the NYSDOL was paid the amounts due.

7. The NYSDOL claim does not contain a breakdown of the calculations used. However, it appears that it includes interest accrued on unpaid interest and penalties.

8.  It further appears the claims, some of which are more than 10 years old, are time barred.

**RELIEF REQUESTED HEREIN**

9.  By this application, the Debtor seeks the entry of an order from this Court expunging the NYSDOL Claim and for such other and further relief as is just.

**JURISDICTION AND STATUTORY PREDICATES FOR RELIEF**

10.  This Court has jurisdiction over the Application pursuant to 28 U.S.C. Sections 157 and 134, the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.), and the "Amended Standing Order of Reference" (Preska, C.J.). Venue in this District is proper pursuant to 28 U.S.C. § 1408.

11.  The statutory predicates for the relief sought herein are Sections 105 and 502 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

**THE NYSDOL CLAIM SHOULD BE EXPUNGED**

12.  Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed where it is unenforceable against a debtor under any agreement or applicable law.

13.  There are four primary reasons why the NYSDOL claim should be expunged.

14.  First, the Debtor paid the Claim in its prior Bankruptcy filed in this case and such payments do not appear to have been properly credited.

15.  Second, the Claim does not contain "back up" of a proper explanation of amounts alleged to be do.

16.  Third, NYSDOL is seeking interest and penalties on interest. It is well settled that under the "general rule of law" interest should not bear interest. The law does not favor

compound interest, and in the absence of special agreement, interest will not be allowed on interest. 10B Michie's Jurisprudence, Business §31 (2011).

17. Fourth, the claims are largely time barred. A six year statute of limitation applies to claims brought under New York Labor Law. N.Y. Lab. Law § 198. At least $40,349.94 emanates from a period that is time barred.

## NOTICE AND WAIVER OF MEMO OF LAW

18. Notice of this application is being provided to NYSDOL, NYS Attorney General, and the Office of the U.S. Trustee and all parties who have filed notices of appearance.

19. The Debtor requests that the Court waive any requirement of the filing of memorandum of law.

**WHEREFORE,** it is respectfully requested that this Court grant the relief requested herein, and all other relief that it deems necessary.

Dated: White Plains, NY     **PENACHIO MALARA LLP**
      December 20, 2023

                                 By: /s/ Anne Penachio
                                    Anne Penachio
                                    Counsel for the Debtor
                                    245 Main Street, Suite 450
                                    White Plains, NY  10601
                                    (914) 946-2889