# PENACHIO MALARA, LLP

## ATTORNEYS AT LAW

**245 Main Street, Suite 450**
**White Plains, New York 10601**

FRANCIS J. MALARA*
ANNE J. PENACHIO*

JENNIFER RAGGO, Paralegal
----------------------------------------------
*Also admitted in CT

**Telephone (914) 946-2889**
**Facsimile (914) 206-4884**
**www.pmlawllp.com**

frank@pmlawllp.com
anne@pmlawllp.com
jraggo@pmlawllp.com

December 2, 2025

<u>Electronically Filed</u>

The Hon. Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

Re:  The Crystal Spoon Corp.
<u>Chapter 11 Case No.:  22-22277-shl</u>

Dear Judge Lane:

     I serve as counsel to The Crystal Spoon Corp., the above-referenced post-confirmation debtor (the "Debtor").  I am writing to update the Court as to the status of the case.  A hearing is scheduled for December 4, 2025.   I appreciate the Court's continued courtesies and patience.

     As set forth below, significant progress has been made and efforts are continuing.  I am reasonably confident that all pending matters will be brought to a successful conclusion. The process for resolving claims tends to be labor intensive and, in the case of tax claims, implicate technicalities.  The delays were exacerbated by the Federal Government shutdown.

1. The IRS and the Debtor have agreed to resolve the Debtor's objection to the RS claim.   Such resolution includes reduction, abatements and the application of set off rights.  It is anticipated that the IRS liability will be completely satisfied with no additional payments due.  Indeed, the Debtor is expected to receive a refund. The agreement has been noticed for presentment to the Court on December 4, 2025.

2. The Debtor is continuing to communicate with NYS regarding an abatement.  NYS indicated that it would review the Debtor's request following the IRS determination.  With the IRS having approved an abatement, the Debtor is hopeful that NYS will follow and abate the disputed obligation in full or in part in the

context of the claim objection.  The abatement would essentially resolve the objection.  I have asked to send a letter to NY State via its counsel regarding this matter which I will do prior to the December 4 hearing.

3.  The UST's claim remains outstanding.  Discussions to resolve the claim have not yet resulted in a resolution.  Communications remain open.  It is my understanding that the UST and I will submit a proposed scheduling order.

In sum, I will be seeking the following relief at the December 4, 2025 hearing that: (i) the objection to the IRS claim be marked "resolved" and an order entered; (ii) the objection to NYS tax claim be adjourned; and (iii) a scheduling order acceptable to the UST be entered.

Respectfully,
/s/ Anne Penachio

Anne Penachio