UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

In re:

THE CRYSTAL SPOON CORP.,

Debtor.

———————————————————————————— x

**Hearing Date: August 11, 2026**
**Hearing Time: 2:00 p.m.**

Chapter 11

Case No.: 22-22277(shl)

**NEW YORK STATE DEPARTMENT OF TAXATION'S RESPONSE TO DEBTOR'S APPLICATION FOR AN ORDER (I) REDUCING CLAIM NUMBERED 2 OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS <u>APPROPRIATE</u>**

TO: THE HONORABLE SEAN H. LANE
CHIEF UNITED STATES BANKRUTPCY JUDGE:

The New York State Department of Taxation and Finance (the "**DTF**") by and through Amanda Hiller, Acting Commissioner and Counsel, by Jeffrey K. Cymbler, District Tax Attorney, files this Response to the Debtor's Application, dated October 27, 2023, seeking an Order (I) Reducing Claim Number 2 of the New York State Department of Taxation and Finance; and (II) Granting Such Other and Further Relief as This Court Deems Appropriate (the "**Application**") (Dkt. No. 112), and respectfully states as follows:

## <u>PRELIMINARY STATEMENT</u>

1. In is Application, the Debtor is seeking to eliminate all of DTF's penalty claims for late filed tax returns. To support its position that tax penalties are not allowed in Chapter 11 cases, the Debtor relies on an old Bankruptcy Act section and a court decision decided under the

1

Bankruptcy Act. Counsel for the Debtor should know better. The Bankruptcy Code superseded the provision of the Bankruptcy Act which counsel relies upon and the case cited by counsel is no precedential. Under the Bankruptcy Code, penalty tax claims are routinely enforced in Chapter 11 cases.

2. Each of the factual bases for the Debtor's objection to DTF's claim are wrong. After the Debtor filed the Application, DTF amended its proof of claim. In addition, factual claims that the Debtor raises are simply wrong and without any bases. DTF did not assess any penalties or interest either during the pendency of the Debtor's prior Chapter 11 case or after the petition date of this Chapter 11 case.

## BACKGROUND

3. This is a chapter 22 case in which the Debtor defaulted on its confirmed Chapter 11 plan payment obligations in its prior Chapter 11 case.

4. The Debtor filed its prior Chapter 11 case with this court on February 25, 2016. The case was assigned docket number 16-22238 and assigned to Judge Robert D. Drain (the **"Prior Case"**).

5. In the Prior Case, DTF filed: (a) a 3rd amended proof of claim, copy of which is annexed to the accompanying Declaration of Brittney Renaud as **Exhibit "A"**, in which it asserted secured, priority and general unsecured claims in the aggregate amount of $62,606.37 for unpaid sales, withholding and corporate taxes, and (b) a 7th amended administrative expense claim, a copy of which is annexed as **Exhibit "B"** to the accompanying Declaration of Brittney Renaud, in the amount of $31,611.74 for unpaid withholding and sales taxes.

6. On December 7, 2018, the court entered an order confirming the Debtor's Amended Chapter 11 Small Business Plan in the Prior Case (Case No. 16-22238, Dkt. No. 110).

7. The plan provided that (a) with regard to DTF's administrative expense claim, DTF would receive payment in full on the effective date of the plan, (b) with regard to DTF's secured claims, DTF would receive payment in full together with interest over a period of approximately one year from the effective date of the plan; (c) with regard to DTF's priority claims, DTF would receive payment in full together with interest over a period of two years from the effective date of the plan; and (d) with regard to its general unsecured claims, DTF would receive payment in full without interest approximately four years from the effective date of the plan.

8. On December 15, 2021, the Office of the U.S. Trustee filed a motion to convert the prior chapter 11 case, *inter alia*, on account of the Debtor's failure to make plan payments. (Case No. 16-22238, Docket No. 134).

9. On March 4, 2022, the court entered an order dismissing the Prior Case (Case No. 16-22238, Dkt. No. 179).

10. Two months later, on May 18, 2022, the Debtor filed this chapter 11 case.

11. On September 15, 2023, this Court entered an order confirming the Debtor's Amended Small Business Plan (Docket No. 89).

12. On October 27, 2023, the Debtor filed the instant Application objecting to DTF's 6th amended proof of claim, in which DTF asserted an aggregate claim in the amount of $145,830.78.

13. Since the time that the Debtor filed its Application, DTF has amended its proof of claim. The current proof of claim on file is DTF's 7th amended proof of claim (the **"7th POC"**) in which DTF asserts an aggregate claim in the amount of $93,108.20.

14. On June 30, 2026, this Court entered a scheduling order providing, *inter alia*, that the Debtor was to file any amendments or supplements to its Application by July 7, 2026. Although

subsequent to the Debtor's filing of the Application, DTF reduced its claim by over $52,000.00, the Debtor failed to file any amendment or supplement to its Application. Therefore, this Court and DTF must struggle to determine specifically what relief the Debtor is currently seeking from this Court and the bases for such requested relief. Nevertheless, in this Response, DTF will address each of the factual and legal issues raised by the Debtor in its Application.

## ARGUMENT

**I.     The Debtor is wrong when it states that "a debtor in possession is not liable for pre-petition tax penalties during reorganization, whether such penalties are secured or unsecured." (Application at ¶ 15)**

15. The Debtor's reliance on *Simonson v. Granquist*, 369 U.S. 38 (1962) and section 57j of the Bankruptcy Act is misplaced. The approach taken by the *Simonson* case under the old Bankruptcy Act has been superseded by the Bankruptcy Code. *See Burden v. US*, 917 F.2d 115 (3rd Cir. 1990). The *Buden* decision made clear that *Simonson's* outright bar on the allowance of nonpecuniary loss tax penalties against the assets of a bankrupt no longer governs. Current law provides a more flexible approach, reflecting congressional intent to address such claims according to statutory priorities and equities established by the Bankruptcy Code.

16. In *In re Brentwood Outpatient Ltd.*, 134 B.R. 267 (Bankr. M.D. Tenn. 1991), the court stated that under the revised Bankruptcy Code, there is no provision analogous to section 57j for Chapter 11 cases, and the legislative history behind the new statutory scheme suggests that, at least regarding liens securing penalties, Congress contemplated different rules following the Code's enactment.

17. In *Brentwood Outpatient*, the court noted that

4

[t]he Bankruptcy Reform Act of 1978 contains no provision similar to former § 57j applicable to Chapter 11 cases. Several sections of the Code deal specifically with claims for penalties in Chapter 7 cases. Section 726(a)(4) provides for automatic subordination of noncompensatory penalty claims in Chapter 7 cases. Section 724(a) makes liens securing noncompensatory penalty claims voidable by the trustee in a Chapter 7 case. ...**[T]he legislative history of §§ 724 and 726 demonstrates that Congress contemplated that liens securing penalties would be valid in Chapter 11 cases following enactment of the Code.** (Emphasis added).

*Id.* at 271.

18. In *In re Stack Steel & Supply Co.*, 28 B.R. 151, 154-55 (Bankr. W.D. Wash. 1983), the court

noted that

[a]s regards the contested claim for penalties, it is perhaps significant that § 502(b), the provision of the Code which prescribes the grounds upon which certain claims may be disallowed, contains no specific provision disallowing claims for penalties. In any event, the legislative history to the Code clearly indicates that lien-secured penalties were not intended to be avoidable in Chapter 11 cases. See House Report No. 95–595, 95th Cong. 1st Sess. (1977) 382; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 96 U.S.Code Cong. & Admin.News 1978, p. 5787. *In re Program Management and Design Associates, Inc.*, 25 B.R. 144 (Bkrtcy D.Mass.1982). **Therefore, as long as this case remains in Chapter 11, this Court is constrained to allow the claim for penalties secured by pre-petition tax liens.**

*Id.* at 154-55 (emphasis added).

19. In *In re Russo*, 63 B.R. 335, 337 (Bankr. D. Mass. 1986), the court noted that

The Code does not allow penalty claims in Chapter 7 liquidations that would impinge on creditors, 11 U.S.C. § 726(a)(4). **However, the taxing authority is allowed to collect penalties in Chapter 11.** The rationale for the different treatment is that in liquidation the creditors, not the debtor, would be penalized, while in Chapter 11, the debtor continues in business and therefore, bears the penalty.

(Emphasis added).

20. Thus, *Simonson's* absolute rule regarding government claims for penalties against a bankrupt

estate has been superseded by the Bankruptcy Code.

21. Moreover, it is important here to note that the Chapter 11 plan which was confirmed in the Prior Case specifically allowed for payment in full of all of DTF's claims. The Debtor never objected to any of the DTF's claims for penalties.

**II. The Debtor is wrong when it states that "[a] large portion of NYS's claim is for penalties and interest where there is no base tax due."** (Application at ¶ 9)

22. As set forth in the accompanying Declaration of Brittney Renaud, the reason why for some of the tax periods the 7th POC shows penalties and interest owing but no base tax owing is because either: (a) for each of those assessments the Debtor either filed a late tax return and did not remit the base tax upon filing the tax return, or the Debtor filed a late tax return and did remit the base tax, or (b) DTF applied the payments it received under the plan in the Prior Case to satisfy the base tax for that period. *See* Renaud Declaration at ¶ 14.

**III. The Debtor is wrong when it states that "[a] significant portion of the claim is characterized as 'estimated.' However, the estimated amount is incorrect as the returns were filed, and taxes were paid"** ("Application at ¶ 9).

23. In its 7th POC, DTF eliminated all estimated tax claims which it had previously claimed in in prior proofs of claim. Therefore, this basis for objecting to DTF's claim is moot.

**IV. The Debtor is wrong when it states that "[a]lthough the Debtor paid NYS the taxes due under the Plan in the Prior Case, NYS continued to assess interest and penalties."** ("Application at ¶ 10).

24. As set forth in the accompanying Renaud Declaration, none of the penalty or interest claims asserted by DTF in the POC were assessed or accrued during the period in which the Debtor's Prior Case was pending. All such penalties and interest were either assessed before the Debtor filed the Prior Case (February 25, 2016) or after the effective date of the Chapter 11 plan in the Prior Case (December 31, 2018), and prior to the filing date of the Debtor's current Chapter case (May 18, 2022). No penalties or interest were assessed during the pendency of the current

6

Chapter 11 case. Renaud Declaration at ¶ 13.

**V.      The Debtor is wrong when it states that "[e]ven a cursory review of NYS's claim . . . raises concerns that penalties are included and accrue where there is no base tax due." ("Application at ¶ 10).**

25. As set forth in the accompanying Renaud Declaration, the reason why the assessments for some of the tax periods in the POC show penalties and interest owed but no base tax owed is because either: (a) for each of those assessments, (i) the Debtor either filed a late tax return and did not remit the base tax upon filing the tax return, or (ii) the Debtor filed a late tax return and did remit the base tax, or (b) DTF applied the payments it received under the plan in the Prior Case to satisfy the base tax for that period. Renaud Declaration at ¶ 14.

WHEREFORE, DTF respectfully requests that this Court deny the Debtor's Application and grant such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
        August 4, 2026

Respectfully submitted,

Amanda Hiller
Acting Commissioner and Counsel
NYS Department of Taxation and Finance

By: _____
Jeffrey K. Cymbler, Esq.
District Tax Attorney
15 MetroTech Center
Brooklyn, NY 11201
Tel: (347) 390-8837
Email: Jeffrey.Cymbler@tax.ny.gov